IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

CANDELARIO QUINTANA-MARTÍNEZ,
    Defendant.

Crim. No. 92-029 (CCC)

## ORDER

Defendant Candelario Quintana-Martínez (hereinafter referred to as "Defendant Quintana" or "Quintana") filed a motion requesting modification of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure arguing that he qualifies for a sentence reduction pursuant to Amendment 509 (safety valve) of the U.S. Sentencing Guidelines. After reviewing the motions from the defendant and the plaintiff, the Court finds that defendant is not entitled to relief and his Motion is DENIED for the reasons that follow.

On May 11, 1992, defendant Quintana pled guilty to a charge of aiding and abetting in the possession with intent to distribute cocaine while on the high seas, all in violation of 46 U.S.C. App. § 1903 (a) (c) (1) (d) and (f) and 18 U.S.C. § 2.

On September 9, 1992, pursuant to a Criminal History Category of I, and a total offense level of 40, Quintana was sentenced to a term of imprisonment of 292 months. On November 27, 1995, Quintana moved for a modification of his sentence pursuant to 18 U.S.C. § 3582 (c)(2), requesting that his sentence be reduced in light of Amendment 505 to U.S.S.G. § 2D1.1 (c), which reduced the maximum offense level outlined in the drug quantity table from 42 to 38. Section 3582 (c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582 (c)(2). Subsection (c) of U.S.S.G. § 1B1.10, the applicable

Crim. No. 92CR029 (CCC)                                                                                                    Page 2

policy statement, dictated that Amendment 505 was designated for retroactive application. United States v. González-Barreras, 105 F.3d 981, 982 (5th Cir. 1997).

On April 29, 1998, the Court entered an Order granting defendant Quintana's request for retroactive application of Amendment 505. As to Quintana's other request for a two point reduction based on the alleged retroactivity of Amendment 509, the Court put on hold its decision while an updated Presentence Investigation Report ("PSR") was prepared. Meanwhile, Quintana's resentencing hearing was set for August 7, 1998.

On August 6, 1998, the Court vacated the scheduled resentencing hearing inasmuch as the Court determined that Quintana was not entitled to the reduction of Amendment 509, as § 5C1.2 was not intended to apply retroactively. The Court then ordered that pursuant to Amendment 505 an amended judgment be entered correcting defendant's offense level to thirty eight (38) and reducing the sentencing originally imposed, to a term of imprisonment of two hundred and thirty five (235) months, leaving unaltered all the other terms of the Judgment imposed on September 9, 1992.

Once again, defendant Quintana asks this Court to resentence him pursuant to guideline section 5C1.2, which is a guideline section which became effective almost three years after the defendant's sentencing, on September 9, 1992. Quintana's contention is based on his erroneous belief that Amendment 509 is retroactive. As already noted, Quintana's view is erroneous.

Pursuant to 18 U.S.C. § 3582 (c)(2), a district court may not modify a prison sentence after imposing it, except that

"in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the term of imprisonment...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."
18 U.S.C. § 3582 (c)(2).

Guidelines manual § 1B1.10 contains the policy statement regarding retroactivity of an amended guideline range. Section 1B1.10 provides that a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582 (c) is not authorized unless the amendment which lowers the applicable guideline range is expressly listed in § 1B1.10. Only eighteen of more than five

Crim. No. 92CR029 (CCC)                                                                    Page 3

hundred amendments ere listed in §1B1.10 (c). Amendment 509 which spawned § 5C1.2 is not listed. Accordingly, § 5C1.2 has no retroactive application.

Therefore, the Courts denies defendant's request because section 5C1.2 does not apply to persons sentenced before its effective date. Accordingly, the defendant's request for the retroactive application of this new guideline must fail.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of April, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge